# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**     Tel: 718-740-1000
Email: abdul@abdulhassan.com     Fax: 718-740-2000
*Employment and Labor Lawyer*     Web: www.abdulhassan.com

**November 22, 2021**

**Via ECF**

Hon. Judith C. McCarthy, USMJ
United States District Court, SDNY
300 Quarropas Street
White Plains, NY 10601

        **Re: Mendoza Cerezo v. HLF Enterprises, Inc. et al**
           **Case No. 21-CV-04789 (JCM)**
           **Motion for Settlement Approval**

Dear Magistrate-Judge McCarthy:

     My firm represents plaintiff Julia Mendoza-Cerezo ("Plaintiff") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as ordered by the Court. Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully executed copy will be provided to the Court once Defendant formally signs. Both sides join in urging the Court to approve this settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 2 is the time records detailing hours expended by Plaintiff's counsel on this case – Plaintiff's counsel is a solo practitioner, and he was the only attorney that worked on this case for Plaintiff.

     Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL, and to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

     In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information.

1

Based on the allegations in the complaint and the information available at this time, Plaintiff is also owed unpaid overtime wages of approximately $7.25/hr. x 13hrs/wk. x 34wks = $3,204.50. Plaintiff is also owed unpaid wages for the last week of her employment of approximately $656 – about $3,860.50 in total.

Defendant may be able to avoid the imposition of liquidated damages if it proves a good-faith affirmative defense. Defendant also dispute the period of employment and the work hours alleged by Plaintiff. In general Defendant denies Plaintiff's allegation that she is owed the wages she claims.

The gross settlement amount between Plaintiff and Defendants is $19,500 inclusive of fees and costs. (See Ex. 1 ¶ 2).

Under the settlement, Plaintiff is due to receive $12,540. (See Ex. 1 ¶ 1). Under the settlement agreement, Plaintiff's counsel is due to receive reimbursement of Six Hundred and Ninety Dollars ($690) in filing ($400) and service costs ($290), plus a 1/3 contingency fee of Six Thousand Two Hundred and Seventy Dollars ($6,270). (Ex. 1 ¶ 1)[1].

Here, the hourly fees based on the attached time records (Ex. 2), are $10,176 at the retainer rate of $600/hr for 16.96hrs or $8,477 at a reduced rate of $500/hr. See *Saravia v. Royal Guard Fence Co., Inc. et al,* 19-CV-02086 (Judge Locke EDNY – December 14, 2020)(awarding Mr. Hassan a 500/hr. rate in the context of a fee-shifting fee application and stating "I would note that there was no opposition to the $500 per hour fee and I think that fee is quite appropriate even if there was opposition. So let me just put that on the record."); *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit.").

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Ayala Gonzalez v. ER Painting Inc. et al,* Case No. 19-CV-01777 (Judge McCarthy - SDNY February 20, 2020)(approving a 1/3 fee of about $12,646 under *Cheeks*); *Pena v. Ludlow Ave Corp. et al,* Case No. 17-cv-00456 (Magistrate-Judge McCarthy)(May 30, 2017)(approving a 1/3 fee of $5,795 under *Cheeks*); *Carrion v. 381 North Ave. Auto Care Inc. et al*, Case No. 19-CV-05901 (Magistrate-Judge Davison - October 29, 2019)(approving a 1/3 fee of $8,136 under *Cheeks*); *Gutierrez v. New Rochelle Hot Bagel, Inc. et al*, Case No. 17-CV-05752 (Judge Roman – November 2, 2018)(approving a 1/3 fee of $9,814 under *Cheeks*); *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY)(1/3 fee of $10,648); *Velez v. Lusardi Ltd. et al*, 16-CV-5675, ECF Nos. 41-43, (Magistrate-Judge Smith – SDNY)(1/3 fee of $11,000); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Castro v. Arbeni Management Company Inc.*, Case No. 17-CV-04615, ECF No. 21, (Judge Nathan – May 10, 2018)(1/3 fee under *Cheeks* of about $16,512).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff will receive nothing or a lot less. Second, the settlement amount Plaintiff is due to receive under the settlement is not insignificant in light of the factual and legal issues. Third, there appears to be a desire by all parties to resolve the case and avoid the tremendous financial and non-financial costs/harms of further litigation.

Therefore, it is kindly requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:** **Defense Counsel via ECF**