UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JULIA MENDOZA CEREZO,

                        Plaintiff,                    **ORDER**

        -against-                           21 Civ. 4789 (JCM)

HLF ENTERPRISES, INC., and HOWARD
FEIGENBAUM,

                        Defendants.
----------------------------------------------------------X

Plaintiff Julia Mendoza Cerezo ("Plaintiff") commenced this action to recover unpaid minimum and overtime wages, and liquidated and statutory damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"), §§ 190, *et seq.*, and 650, *et seq.* (Docket No. 1). Defendants denied these allegations. (Docket No. 13). On November 22, 2021, the parties submitted a Negotiated Settlement Agreement and Release ("Agreement") for the Court's review, (Docket No. 22-1), accompanied by a joint letter in support of the Agreement (Docket No. 22), as well as attorney's time records and costs, (Docket No. 22-2).[1] On December 14, 2021, the parties submitted a revised Negotiated Settlement Agreement and Release ("Revised Agreement"), (Docket No. 25), pursuant to the Court's December 6, 2021 order.[2]

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the

---

[1] The parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c) on November 16, 2021. (Docket No. 20).

[2] During a telephone conference on December 6, 2021, the Court informed the parties that it had reviewed their joint submission, but would not approve the Agreement because it referenced a separate agreement. The parties indicated that there was no other agreement, and the Court directed the parties to submit a revised Agreement for the Court's review.

plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations omitted).

Based on my review of the Revised Agreement, (Docket No. 25), the joint letter, (Docket No. 22), and the documentation supporting the reasonableness of the attorney's fees and costs, (Docket No. 22-2), I find the settlement was the product of arm's-length negotiations between able counsel and that the terms of the Revised Agreement, including the approval of Plaintiff's counsel's fees, are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted). Accordingly, the Court approves the settlement.

The Clerk is respectfully requested to close the case.

Dated: December 15, 2021
       White Plains, New York

                                             **SO ORDERED:**

                                             JUDITH C. McCARTHY
                                             United States Magistrate Judge